IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SNYDER, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:18-cv-05037-MDH |
| | ) | |
| CITY OF JOPLIN, MISSOURI, | ) | |
| Defendant. | ) | |

## ANSWER

COMES NOW the City of Joplin, by and through its attorney, Karl W. Blanchard, Jr. and the firm of Blanchard, Robertson, Mitchell & Carter, and for its Answer and Defenses to plaintiff's Complaint, states as follows:

1. Missouri resident Christopher Snyder and his wife came homeless after Christopher Snyder unexpectedly lost his job.

**ANSWER: Is without sufficient information to admit or deny the allegations contained in paragraph 1 and therefore denies same.**

2. Since then, they have been living out of their car and panhandling to secure donations of food and money.

**ANSWER: Is without sufficient information to admit or deny the allegations contained in paragraph 2 and therefore denies same.**

3. Snyder's efforts to secure donations have been stymied by §90-144 of the Joplin City Code, which codifies an content-based restriction on speech that is unconstitutional both facially and as applied, as well as a decision by the police department to leave enforcement decisions to individual officers.

**ANSWER: Denies.**

4. Snyder has stopped panhandling in Joplin to avoid arrest or citation under §90-144.

**ANSWER: Is without sufficient information to admit or deny the allegations contained in paragraph 4 and therefore denies same.**

5. Plaintiff, Christopher Snyder, is a citizen of Missouri.

**ANSWER: Is without sufficient information to admit or deny the allegations contained in paragraph 5 and therefore denies same.**

6. Defendant City of Joplin, Missouri, is a municipal corporation and political subdivision of the State of Missouri.

**ANSWER: Admits.**

7. Snyder brings this claim pursuant to 42 U.S.C. §1983; the Free Speech Clause of the First Amendment to the United States Constitution, incorporated as against States and their municipal divisions through the Fourteenth Amendment; and the Due Process Clause of the Fourteenth Amendment.

**ANSWER: Denies.**

8. Venue is proper in this Court pursuant to 28 U.S. C. §1391(b)(1) & (2) because Defendant is located in Jasper County, Missouri, and its actions giving rise to the claim in this suit occurred in Jasper County.

**ANSWER: Admits that the City of Joplin is located in Jasper County, Missouri, but denies each and every other allegation contained in paragraph 8 not specifically herein admitted.**

9. Venue is proper in the Southwestern Division pursuant to Local Rule 3.2(a)(3)(B).

**ANSWER:** Admits that the City of Joplin resides in Jasper County, Missouri which is located in the Southwestern Division as defined by Local Rule 3.2(a)(3)(B), but denies each and every other allegation contained in paragraph 9 not specifically herein admitted.

10. Chapter 90 of the Joplin City Code, §90-144, regulating panhandling in the city, prohibits: "Any person who in a public place solicits in any of the following ways or manners is guilty of a misdemeanor:

(1) By engaging in false or misleading solicitation by:

a. Stating that the donation is needed to meet a specific need, when the solicitor already has sufficient funds and does not disclose such fact.

b. Knowingly stating a false situation or circumstance to induce a donation.

c. Knowingly stating the solicitation is for a specific person or exempt organization without authorization.

(2) By any statement, gesture or other communication which a reasonable person in the situation of the person solicited perceives to be a threat.

(3) By intimidating or obstructing pedestrian or vehicular traffic.

(4) By assaulting or aggressively soliciting.

(5) By soliciting within 50 feet of any bank, savings and loan or other financial institution or building, including outdoor teller machines.

(6) By soliciting within 50 feet of any cash disbursal machine, outdoor vending machine, or other outdoor machine or device which accepts coins or paper currency, except parking meters.

(7) By soliciting within 150 feet of any intersection, as measured from the middle of said intersection, where one or more of the intersecting highways or streets has a speed limit of thirty-five (35) miles per hour or more or on the length of any median separating the traffic at such intersection."

**ANSWER: Admits.**

11. The ordinance is codified as §90-144 of the Joplin City Code.

**ANSWER: Admits.**

12. On February 5, 2018 §90-144 was amended to add subsection (8) as an emergency ordinance allowing it to go into effect immediately.

**ANSWER: Admits.**

13. The decision to issue a citation is left to each individual police officer in Joplin.

**ANSWER: Denies.**

14. Snyder unexpectedly lost his job in May 2016, after which, he and his wife have been homeless and forced to live out of their car.

**ANSWER: Is without sufficient information to admit or deny the allegations contained in paragraph 14 and therefore denies same.**

15. Snyder and his wife panhandle to obtain donations of food and money in order to survive.

**ANSWER: Is without sufficient information to admit or deny the allegations contained in paragraph 15 and therefore denies same.**

16. On February 8, 2018, Snyder was soliciting donations with a sign that read: "Wife and I living in car, anything helps, God will bless you", hear the I-44 Business Loop and MO-43.

**ANSWER:** Is without sufficient information to admit or deny the allegations contained in paragraph 2 and therefore denies same.

17. While panhandling, Snyder was approached by a Joplin police officer.

**ANSWER:** Is without sufficient information to admit or deny the allegations contained in paragraph 17 and therefore denies same.

18. The officer warned Snyder that he was violating the law by panhandling within the 150-feet area where panhandling is prohibited.

**ANSWER:** Is without sufficient information to admit or deny the allegations contained in paragraph 18 and therefore denies same.

19. The officer requested Snyder's ID and notated an official warning in the department's computer system.

**ANSWER:** Is without sufficient information to admit or deny the allegations contained in paragraph 19 and therefore denies same.

20. The officer told Snyder that if he was caught violating the law a second time, he would be cited, and that if he was caught a third time, he would be arrested and taken to jail.

**ANSWER:** Is without sufficient information to admit or deny the allegations contained in paragraph 20 and therefore denies same.

21. Later that same day Snyder tried panhandling at a different location, near the intersection of 15th Street and Rangeline Road.

**ANSWER:** Is without sufficient information to admit or deny the allegations contained in paragraph 21 and therefore denies same.

22. Snyder and his wife were trying to solicit donations to purchase food.

**ANSWER:** Denies.

23. A second Joplin police officer approached Snyder and told him that panhandling was illegal in the city. This officer also yelled at Snyder: *"you don't got a job?"*

**ANSWER: Denies.**

24. Snyder told the officer he believed he had a First Amendment right to panhandle in Joplin.

**ANSWER: Denies.**

25. Snyder left the area after his interaction with the police officer.

**ANSWER: Denies.**

26. Snyder and his wife, at various times while panhandling, also hold signs that read: "HUD's definition of family leaves my wife and I in the cold," and "anything helps, God bless."

**ANSWER: Is without sufficient information to admit or deny the allegations contained in paragraph 26 and therefore denies same.**

27. Since February 8, 2018, Snyder and his wife have stayed out of Joplin for fear of citation or arrest.

**ANSWER: Is without sufficient information to admit or deny the allegations contained in paragraph 27 and therefore denies same.**

28. At all times relevant to this Complaint, Defendant acts under color of law.

**ANSWER: Denies.**

COUNT I

29. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

**ANSWER: Restates and re-alleges all of its Answers and Defenses to paragraphs 1 through 28 as if set forth in haec verba.**

30. Section 90-144 violates the Free Speech Clause of the First Amendment to the Constitution, on its face and as applied, because it impermissibly curtails Plaintiff's expressive activities.

**ANSWER: Denies.**

31. Solicitation of immediate donations for money or other items of value is an expressive communication subject to First Amendment protection.

**ANSWER: Denies.**

32. Section 90-144 is a content-based regulation because it prohibits certain types of speech based on the content thereof and makes impermissible distinctions based on the function or purpose of the regulated speech.

**ANSWER: Denies.**

33. Section 90-144 applies, by its own plain language, to traditional and designated public for a, as well as nonpublic fora and private property.

**ANSWER: Denies.**

34. Section 90-144 is facially invalid because it prohibits a substantial amount of protected speech.

**ANSWER: Denies.**

35. Plaintiff has been chilled from engaging in any solicitation or panhandling in Joplin because of his reasonable fear of citation, arrest, or prosecution.

**ANSWER: Denies.**

36. Joplin has no significant or compelling interest that can justify the necessity of §90-144.

**ANSWER: Denies.**

37. Section 90-144 is not narrowly tailored to achieve a significant government interest.

**ANSWER:    Denies.**

38. Section 90-144 is not the least restrictive means to achieve a compelling government interest.

**ANSWER:    Denies.**

39. Section 90-144 does not leave open ample alternative avenues of communication for Plaintiff to convey his message.

**ANSWER:    Denies.**

<u>AFFIRMATIVE DEFENSES</u>

1. That if plaintiff as alleged in paragraph 27 no longer resides in Joplin, Jasper County, Missouri he has no standing.

WHEREFORE, having fully answered plaintiffs' Complaint, defendant prays that it be discharged with its costs.

BLANCHARD, ROBERTSON, MITCHELL & CARTER

By    /s/ Karl W. Blanchard, Jr.
   Karl W. Blanchard, Jr., MO Bar No. 23180
   320 West 4th Street, P. O. Box 1626
   Joplin, MO 64802
   (417) 623-1515/(417) 623-6865 (Fax)
   blanchardjr@brmclaw.com

ATTORNEYS FOR DEFENDANT

I certify that the foregoing was filed electronically with the Court's CM/ECT system this 23rd day of May, 2018 causing a copy to be e-mailed to:

ANTHONY ROTHERT
American Civil Liberties Union of Missouri
906 Olive Street, #1130
St. Louis, MO 63101

_____/s/ Karl W. Blanchard, Jr._____